THE STATE EX REL. RICHARDSON, APPELLANT, *v.* SUSTER, JUDGE, APPELLEE.

[Cite as *State ex rel. Richardson v. Suster,*
130 Ohio St.3d 82, 2011-Ohio-4728.]

(No. 2011–0676—Submitted September 7, 2011—Decided September 22, 2011.)

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Allen Richardson, for a writ of procedendo insofar as he sought to compel appellee, Cuyahoga County Court of Common Pleas Judge Ronald Suster, to schedule a de novo sentencing hearing in his criminal case[1] to remedy errors in his original sentencing entry. Richardson claims that the entry did not properly impose postrelease control and did not comply with Crim.R. 32(C).

{¶ 2} Richardson's sentencing entry " 'sufficiently included language that post-release control was part of his sentence so as to afford him sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ.' " *State ex rel. Tucker v. Forchione,* 128 Ohio St.3d 298, 2010-Ohio-6291, 943 N.E.2d 1006, ¶ 1, quoting *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas,* 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, ¶ 4.

{¶ 3} And "the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing." *State ex rel. Alicea v. Krichbaum,* 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2; see also *State ex rel. Scheck v. Collier,* 128 Ohio St.3d 316, 2011-Ohio-233, 943 N.E.2d 1022, ¶ 1.

{¶ 4} Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and McGEE BROWN, JJ., concur.

_____

Allen Richardson, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____

1. Richardson also challenges the court of appeals' ruling granting him a writ of procedendo to compel Judge Suster to rule on his motion for a de novo hearing, but he lacks standing to contest that portion of the court's holding because he is not aggrieved by it. See generally *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E.2d 758, syllabus ("Appeal lies only on behalf of a party aggrieved by the final order appealed from").